## No. 9369.

### LEEDS & CO. vs. PETER JONES.

On appeal, a judgment will not be reversed or annulled in favor of a party who has not appealed therefrom. or prayed for an annulment.

On a rule by a judgment creditor it is competent for the court to order the cancellation of a minor's general mortgage inscribed against his tutor, when it is shown that such mortgage had been legally and properly substituted by a special mortgage by the natural tutor, in a sum accruing to the minor after a liquidation of the community.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*B. R. Forman* for Plaintiffs and Appellees.

*Gibson, Hall & Montgomery* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff, a judgment creditor of the defendant, having seized the latter's immovable property, took a rule against him as tutor of his minor children, and against certain creditors, for the cancellation of a mortgage of $3212, inscribed in favor of said minors, and of a mortgage in favor of one John J. Ward in the sum of $6000.

Defendant appeals from a judgment ordering that both of the mortgages complained of be cancelled.

On trial it appeared that Ward claimed no interest in the mortgage inscribed in his favor, and from the testimony of the defendant it appears that the note and mortgage of $6000 are held by the defendant's son to secure an indebtedness of some four hundred dollars.

The alleged holder of the mortgage, although represented in the district court by counsel, as the record shows, has not appealed from the

judgment cancelling his mortgage; and in this Court his rights are championed by the defendant, his father and his alleged debtor.

The latter has no authority in law to thus stand in judgment for his creditor, whose connection with the mortgage was disclosed by the debtor himself in his testimony.

As John Thomas Jones, the alleged creditor, has not appealed, the judgment cannot be amended as to him. Hence we cannot review that part of the judgment.

As to the minors' mortgage, the record shows that under orders of a competent court, under the advice of a family meeting, the general mortgage, originally in the sum of $3212, was reduced under an adjudication of the community property to the surviving spouse to $301 43, and was substituted by a special mortgage in the latter amount.

We have critically examined all the proceedings which led to that result and we find them regular and correct.

There is no force in appellant's argument that the general mortgage inscribed against the tutor in favor of his minor children cannot be reduced or cancelled during the minority or before a final settlement by the tutor.

The very law which authorizes the substitution of a special, in lieu of a general, mortgage pending the minority, affords an easy answer to such an argument. Appellant's argument also antagonizes the provisions of our law which authorize the liquidation of the community and the adjudication of its property to the surviving spouse.

The judgment does not interfere with the minors' rights, under the special mortgage; it merely orders the cancellation of the general mortgage. That order flows as a logical as well as a legal conclusion from the order of the probate court accepting the special mortgage in the sum accruing to the minors after the liquidation of the community.

We discover no error in the conclusions reached by the district judge.

Judgment affirmed.

Rehearing refused.